IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER R. BAILEY, )<br>)<br>　Plaintiff, )<br>)<br>v. )<br>)<br>OPELIKA POLICE DEPARTMENT, )<br>*et al.*, )<br>)<br>　Defendants. ) | Case No. 3:23-cv-497-RAH-CSC<br>(WO) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Christopher R. Bailey, an inmate proceeding *pro se*, filed this civil action on August 17, 2023. (Doc. 1.) Although Bailey filed a motion for leave to proceed *in forma pauperis* (Doc. 2), he submitted no information regarding his inmate account at the Lee County Detention Center, where he is incarcerated, so that the court could determine if he should be allowed to proceed *in forma pauperis*. On September 11, 2023, the court issued an order advising Bailey that his case could not proceed absent his submission, by September 26, 2023, of his inmate account statement from his place of incarceration reflecting the average monthly balance in his prison account and the average monthly deposits to his account for the six-month period immediately preceding his filing of his complaint. (Doc. 3.) The court specifically cautioned Bailey that his failure to comply with its order would result in a recommendation that his case be dismissed. (Doc. 3 at 2.)

To date, Bailey has neither complied with nor responded to the court's September 11 Order. Because Bailey has failed to comply with the court's order by submitting his

inmate account information, the undersigned concludes that this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31.

Here, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co- Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989). Accordingly, based on the foregoing, the undersigned RECOMMENDS that this case be DISMISSED without prejudice.

It is further ORDERED that by **December 21, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the

Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE this 4th day of December 2023.

                              /s/ Charles S. Coody
                              CHARLES S. COODY
                              UNITED STATES MAGISTRATE JUDGE